IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS A. YARRINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 12-3108 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Petitioner Thomas A. Yarrington's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [d/e 1]. As directed, the Government filed a Response [d/e 5] to the Motion. The Petitioner filed a Reply [d/e 6] to the Government's Response.

## I. BACKGROUND

On December 2, 2008, a grand jury indicted Petitioner Thomas A. Yarrington for possession of cocaine with the intent to distribute. A search of the Petitioner's residence on May 22, 2008, had revealed approximately

one-third of a kilogram of cocaine and nearly $15,000 in cash. The Petitioner's fingerprints were found on the bag containing the largest amount of cocaine. The Petitioner admitted his involvement to federal agents after his arrest. *See United States v. Thomas A. Yarrington*, Case No. 3:08-cr-30115-RM-BGC, Doc. No. 40.

The Petitioner later recanted his confession and proceeded to trial. On January 27, 2012, following a three-day jury trial, the Petitioner was found guilty on the single-count of the indictment. *See id.*, Doc. No. 31. On July 12, 2010, the Petitioner was sentenced to a term of 108 months imprisonment. *See id.*, Doc. No. 62.

The Petitioner appealed his sentence. On May 31, 2011, the United States Court of Appeals for the Seventh Circuit affirmed his sentence. *See id.*, Doc. No. 81. The Petitioner timely filed the instant Motion Under § 2255 to Vacate.

## II. DISCUSSION

In his § 2255 Motion, the Petitioner asserts three claims for relief: (1) Federal Agents and other law enforcement officials made false statements

and presented false evidence; (2) Ineffective Assistance of Counsel; and (3) the Court erred in assessing his relevant conduct, resulting in an erroneous guidelines range.

### A. Legal standard

A petitioner is entitled to habeas relief under § 2255 if his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A petitioner is not entitled to habeas relief unless there is "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks and citation omitted).

### B. Claim One

The Petitioner asserts that federal agents and other law enforcement officers presented false evidence and further alleges that he is entitled to

relief under *Napue v. Illinois*, 360 U.S. 264 (1959); *Brady v. Maryland*, 373 U.S. 83 (1963); and *Giglio v. United States*, 405 U.S. 150 (1972). He claims that the Government knowingly presented perjury, which directly affected the outcome of the trial. According to the Petitioner, one investigating agent made a number of false statements. The Petitioner contends other agents knowingly botched the investigation and conspired with other law enforcement officials to arrest, charge and prosecute the Petitioner with crimes that others committed.

    The Petitioner's first claim is basically that all of the government agents were liars. "[S]uch an argument is pointless . . . for the jury determines credibility." *United States v. Wright*, 218 F.3d 812, 813 (7th Cir. 2000).

    At trial, the Petitioner testified that the witnesses against him were untruthful. He offered his own version of the truth. The Petitioner admitted that cocaine was found in his apartment and that his fingerprints were on the largest bag of cocaine. There was testimony that drug dealers often keep large amounts of cash. The Petitioner acknowledged that a bag

4

containing $14,800 found under his bed belonged to him. Although the Petitioner claimed that he earned the money by legal means, he had no documentation in support of any legitimate income. The Petitioner disputed that the Inositol powder, which can be used to cut cocaine, found in a bedroom closet near items he owned belonged to him. He also denied that he owned a digital scale which was found at the residence.

The jury heard testimony that the items found at the residence were consistent with the distribution of cocaine. Undoubtedly, the jury rejected the Petitioner's defense that the investigating officers lied about his confession. The Court determined that Petitioner was untruthful. At sentencing, Judge Scott noted:

> [C]learly the jury, by its verdict found that [the petitioner] was not truthful in his testimony in front of the jury. The Court is of the same opinion. We heard a very strange and wonderful story about how you use ice that just happens to have cocaine residue in the baggie because your knee hurts and a whole lot of other things. But I definitely find that he was untruthful when he said that he hadn't told the police that half the money in the bags was from selling drugs or that he was holding the drugs for Jeremy Wallace or that he didn't know drugs were there. Those were untruthful statements and they support the finding for an obstruction of justice [enhancement].

*See Yarrington*, Case No. 3:08-CR-30115-RM-BGC, Doc. No. 71, at 52.

Even if the Petitioner's first claim was not procedurally defaulted, he has failed to present any evidence that any of the witnesses against him presented false testimony. Therefore, the claim is clearly without merit. The claim is also procedurally defaulted because it was not presented on direct review. Generally, if a petitioner does not raise a claim on direct appeal, the claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice, *see Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009), or that enforcing the procedural default "would amount to a fundamental miscarriage of justice." *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012). The Petitioner has not demonstrated cause or prejudice. His first claim is procedurally defaulted.

C. Claim Two

(1)

The Petitioner next asserts an ineffective assistance of counsel claim. He alleges that counsel failed to make a motion for acquittal based on the

evidence which he claims demonstrates that he could not have committed the offense beyond a reasonable doubt. Moreover, the Petitioner asserts that counsel failed to move to suppress what he alleges was false testimony and evidence which implicated him.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel was deficient in his performance which resulted in prejudice to his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Id*. at 688. To demonstrate prejudice, he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. at 689.

The Petitioner's claim that trial counsel failed to make a motion for acquittal is false. The record demonstrates that counsel made the motion at the close of the Government's case, at the close of the Petitioner's case, and after the jury's verdict. The motion was denied each time. The

7

Petitioner's claim is frivolous.

The Petitioner's claim that trial counsel was ineffective because he did not file a motion to suppress is also without merit. In order to show he is entitled to relief, the Petitioner must establish "that a Fourth Amendment claim would have been meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Skrzypek v. United States*, 425 F. App'x 516, 518 (7th Cir. 2011). The Petitioner's claim falls far short of this standard. He has not shown that any false testimony or evidence was used against him. Accordingly, the Petitioner has not established ineffective assistance of trial counsel.

(2)

The Petitioner's claim that appellate counsel was ineffective is also without merit. The Petitioner claims that appellate counsel rendered ineffective assistance by failing to take certain actions, at least in part because he suffered from terminal cancer.

The Petitioner states that appellate counsel informed him he would file a claim in his direct appeal alleging that county officers and federal

agents made false statements at trial. Moreover, appellate counsel advised the Petitioner that he would challenge the sufficiency of the evidence and relevant conduct on appeal. However, he failed to do so.

The Petitioner states that he tried repeatedly to contact appellate counsel, to no avail. He claims that counsel had a duty and obligation to apprise the Petitioner of his terminal illness, but failed to do so.

The Court concludes that Petitioner's ineffective assistance of appellate counsel claim is without merit. The Petitioner's allegations do not establish that appellate counsel's cancer caused: (1) his performance to fall below an objective standard of reasonableness; or (2) the outcome would have been different if counsel would not have had cancer.

Because the evidence of his guilt was overwhelming, the Petitioner cannot establish that the result of the proceeding would have been different under other circumstances.

### D. Claim Three

The Petitioner's third claim is that the Court erred in assessing the Petitioner's relevant conduct, based on what he claims were false statements

made by one of the investigating agents. As a result, the Petitioner alleges that the Court's advisory sentencing guideline range was not properly calculated.

Generally, claims pertaining to the guidelines are not cognizable under § 2255. *See Scott v. United States*, 997 F.2d 340, 342-423 (7th Cir. 1993). Because the Guidelines are not "laws" as defined in § 2255, arguments that the guidelines were miscalculated usually do not support habeas relief. *See Taylor v. Gilkey*, 314 F.3d 832, 833 (7th Cir. 2002). A claim pertaining to the guidelines that is based on ineffective assistance of counsel could be cognizable on a habeas motion if the petitioner can establish prejudice. *See id*. The Petitioner continues to argue that his relevant conduct is based on false statements made at trial by the investigating officers. The Petitioner has provided no evidence that the testimony against him was false. Moreover, the evidence of his guilt was overwhelming. Accordingly, the Petitioner is unable to establish prejudice and is not entitled to habeas relief based on his third claim.

### III. CONCLUSION

The Petitioner has failed to show that he is in federal custody pursuant to an unconstitutional or illegal sentence. Accordingly, none of his claims warrant relief under § 2255. An appeal may be taken if the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

Ergo, the Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 filed by Petitioner Thomas A. Yarrington [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

ENTER: May 16, 2013

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge